# Court of Appeals
# of the State of Georgia

ATLANTA, May 29, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0524. AUSTIN HOLAN v. V EIGHT AUTOMOTIVE.**

Austin Holan sued V Eight Automotive in Douglas County Magistrate Court asserting a claim for damages based on V Eight's alleged failure to disclose structural and other defects in a used car it sold Holan. Following a bench trial, the magistrate court entered judgment on April 13, 2026 in favor of V Eight, finding that Holan had failed to prove his claims. On May 13, 2026, Holan filed the current application for discretionary appeal in this Court. The following day, Holan filed a motion to transfer this case to the appropriate state or superior court. For reasons that follow, we agree with Holan that a transfer is appropriate.

As Holan now recognizes, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439(2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025). In the absence of any such review, we lack jurisdiction to consider this application. Id. However, the Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Thus, because the filing of this discretionary application may be construed as a notice of appeal, we hereby GRANT Holan's motion, and this case is hereby TRANSFERRED to the

Magistrate Court of Douglas County with direction to transmit it to the state or superior court for disposition as appropriate.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __05/29/2026_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] We recognize that we are in possession of limited material and that our determination that jurisdiction may lie in another court is limited by the dearth of information. Thus, our ruling should not constrain either the magistrate court or the state or superior court to the extent those courts determine either that Holan has not perfected the right to appeal or that jurisdiction lies elsewhere.